## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO JAMAL HERNANDEZ | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE PATRICK, et al., | : | |
| Respondent | : | NO. 06-3481 |

### MEMORANDUM OPINION

CAROL SANDRA MOORE WELLS                                    March 12, 2007
UNITED STATES MAGISTRATE JUDGE

On August 7, 2006, Julio Jamal Hernandez ("Petitioner") filed a habeas petition to which the

Commonwealth responded on October 24, 2006. Petitioner filed a Traverse, on November 17, 2006,

and a Memorandum of Law in support of his habeas petition on December 13, 2006. Finally, on

December 22, 2006, Petitioner sought leave to amend his habeas petition to assert a new claim that

the trial court erred in failing to instruct the jury to limit its use of testimony regarding a telephone

call the victim received from a person who identified himself as Petitioner's brother. This time-

barred, procedurally defaulted, non-cognizable and futile amendment will be disallowed.

### I.  BACKGROUND

In his initial federal habeas corpus petition, Petitioner raised eleven claims. Ground Eight

of the habeas petition, the only relevant claim herein,[1] asserts that:

> . . . trial counsel rendered ineffective assistance for failing to object
> to the admissibility of the victim recounting a conversation she
> allegedly had with a person who claimed to be Petitioner's brother;

Pet. at 11; Pet'r's Mem. of Law at 31-33. Petitioner's proposed amendment, on the other hand,

---

[1] See Report and Recommendation, also dated March 12, 2007, for content of ten more initial claims.

challenges the trial court's failure to give a promised instruction limiting the jury's use of the above-referenced testimony. Late timing and unrelated content preclude review of the proposed claim.

## II. DISCUSSION

### A.     The Proposed Amendment is Untimely

Petitioner's conviction became final, and the habeas period of limitations began to run, on March 20, 2002, the date his ability to seek *allocatur* on direct appeal expired. [2] *See* 28 U.S.C. § 2244(d)(1)(A); Pa. R. App. P. 1113(a). Petitioner commenced suit under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. § 9541-46 ("PCRA") on November 4, 2002, after 228 days of the habeas one-year period of limitations had expired. The PCRA filing tolled the habeas period of limitations from the day it was filed, s*ee* 28 U.S.C. § 2254(d)(2), until April 18, 2006, when the Pennsylvania Supreme Court denied *allocatur*. *See Lawrence v. Florida*, 127 S.Ct. 1079, 1083 (2007); *Stokes v. District Attorney, Philadelphia, Co.*, 247 F.3d 539, 542 (3d Cir. 2001). By the time this proposed amendment was filed, on December 22, 2006, an additional 247 days had passed, thus, a total of 475 post-conviction days passed.[3] The allowable year, exceeded by 110 days, without valid excuse, renders this amendment untimely.

### B.     Standard for Review of Late Amendments

A late amendment filed after the expiration of the habeas period of limitations, will only be reviewed by the federal court if it somehow "relates back" to the original, timely petition. *See* Fed. R. Civ. P. 15(c)(2); *Mayle v. Felix*, 545 U.S. 644, 649, 655 (2005). According to federal rule, an untimely amendment relates back and is allowable only if the new and original claim arise out of the

---

[2] Petitioner's proposed claim does not implicate any of the alternative starting dates for the habeas period of limitations contained in 28 U.S.C. § 2244(d)(1)(B)-(D).

[3] Although the instant habeas petition was filed on August 7, 2006, its pendancy does not toll the habeas period of limitations. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001).

same conduct, transaction or occurrence. *Id.* (*citing* Fed. R. Civ. P. 15(c)(2)). The terms "conduct, transaction or occurrence" have not been defined so broadly as to mean arise out of Petitioner's trial, conviction or sentence. *Id.* at 664. Rather, if the original and amended petitions state claims "tied to a common core of operative facts, relation back will be in order." *Id.* Expressed differently, an amended petition does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650; *see also United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000) (stating that an amended habeas claim does not relate back to a claim contained in the original petition if the amended claim is based on a different theory for relief). Furthermore, an amendment will not allowed if it would be futile to pursue. *United States v. Duffy*, 174 F.3d 333, 337 (3d Cir. 1999) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## C. Petitioner's Proposed Amendment Does Not Relate Back

Petitioner's instant challenge to the trial court's failure to provide a limiting instruction in regard to testimony the victim provided about a telephone call she received from a person claiming to be Petitioner's brother[4] provides a new and distinct ground for relief. This claim bears only minimal connection to habeas Ground Eight which alleges trial counsel ineffectiveness for failing to object to the admissibility of this testimony. While both claims involve the victim's testimony about the phone call, the two claims are distinguishable. First, Ground Eight alleges ineffective assistance of counsel, and, thus, challenges the performance of trial counsel. In essence, the

---

[4] Prior to trial, the Commonwealth sought the court's permission to admit the victim's testimony concerning the alleged call from someone claiming to be Petitioner's brother on the ground that the testimony was not offered for the truth but, instead, to show the effect it had on the victim. (N.T. 3/14/00 at 18). The court accepted this ground for admissibility and informed both counsel that it would have to instruct the jury about the limited use of the testimony. *Id.* at 18-19. Unfortunately, the trial court failed to provide this limiting instruction either at the time the testimony was offered or as part of the court's final charge to the jury.

proposed amendment implicates trial court – not attorney – error.  Thus, resolution of each claim requires a distinct legal theory as well as factual analysis.  These divergent theories and facts preclude relation back of the amendment to habeas Ground Eight.  *See Mayle*, 545 U.S. at 650 (finding no relation back to old claim when proposed claim asserts a new ground for relief supported by facts which differ in time and type from those alleged in the original pleading); *Thomas*, 221 F.3d at 436 (stating that an amended claim does not relate back to an old claim when the amended claim involves a new theory for relief).

**D.      Presentation of the Proposed Amendment Would Prove Futile**

Alternatively, it would be futile to allow this proposed amendment.  First, Petitioner's proposed claim involves an alleged error of state law (not giving a jury instruction required by state law) and, therefore, is not cognizable in federal habeas proceedings.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Second, since the new claim has never been presented to any state court and is precluded at this time,[5] it is procedurally defaulted.  *See Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir. 2001).  Petitioner has neither attempted to demonstrate cause for the delay, shown actual prejudice to excuse the default of this claim nor presented new, reliable evidence of his innocence.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Therefore, his procedurally defaulted claim should be dismissed, without consideration of its merits.

An implementing order follows.

---

[5] Petitioner's PCRA statute of limitations expired on March 30, 2003, one year after the time for him to seek *allocatur* on direct appeal expired.  *See* Pa. Cons. Stat. Ann. § 9545(b)(1) (the PCRA statute of limitations runs for one year after a conviction becomes final on direct appeal); Pa. R. App. P. 1113(a) (allowance of appeal must be sought within thirty days of the Superior Court's decision).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JULIO JAMAL HERNANDEZ | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE PATRICK, et al., | : | |
| Respondent | : | NO. 06-3481 |

<u>**ORDER**</u>

_____AND NOW, this 12th day of March, 2007, for the reasons contained in the attached Memorandum Opinion, it is hereby **ORDERED** that the "Petition for Permission to Submit Amended Jury Instruction Issue to Writ of Habeas Corpus" (Document No. 10) is **DENIED**.

**IT IS SO ORDERED**.

**BY THE COURT**:

_____          */s/ Carol Sandra Moore Wells*
                                                CAROL SANDRA MOORE WELLS
                                                UNITED STATES MAGISTRATE JUDGE