### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO JAMAL HERNANDEZ | : | |
| | : | |
| v. | : | CIV. NO. 06-3481 |
| | : | |
| GEORGE PATRICK et al | : | |

## O R D E R

On August 7, 2005, Petitioner Julio Jamal Hernandez filed *pro se* a habeas petition pursuant to 28 U.S.C. § 2254.  On December 22, 2006, Petitioner sought leave to amend his petition to assert a new claim.  On March 12, 2007, the Magistrate Judge disallowed the amendment and filed a Report and Recommendation to dismiss the Petition.

Petitioner has filed a motion seeking reconsideration of the order denying the amendment, and has filed objections to the Report and Recommendation.  I will deny Petitioner's motion, overrule his objections, and dismiss the Petition.

### I.      Petitioner's Motion for Reconsideration

On April 5, 2007, Petitioner filed a *pro se* "Motion to Moot Order Dated March 12, 2007 as being Premature. As Such Judgment Or Order Should be Granted, (With Objections)."  (Doc. No. 14.)  I will construe this Motion as a motion for reconsideration of the order disallowing Petitioner's proposed amendment.  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

Construing Petitioner's Motion as liberally as I can, I find that he fails to present manifest errors of law or fact or newly discovered evidence.  Instead, Petitioner states that he "assumed that

he was filing just for permission [for leave to amend the habeas petition]; it was not his belief that he would need to brief ... this issue, or to cite every supporting ground, to justify his request for permission to amend." (Id. at 1.) Accordingly, his motion does not provide grounds for reconsideration of the Magistrate Judge's order.

Additionally, the Magistrate Judge properly disallowed Petitioner's proposed amendment because it was "time-barred, procedurally defaulted, non-cognizable and futile." (Doc. No. 12 at 1.) Accordingly, I will deny Petitioner's Motion.

## II.    Petitioner's Objections to the Report and Recommendation

Petitioner makes several objections to the Report and Recommendation. First, he objects to the Magistrate's conclusion that Grounds One, Two, Three, and Five are non-cognizable. (Doc. No. 15 at 1.) As these grounds are based upon alleged errors in applying Pennsylvania evidentiary law, the Magistrate was correct in concluding that they are non-cognizable. See Estelle v. McGuire, 502 U.S. 62, 67 (1991). As part of his first objection, Petitioner also appears to challenge the Magistrate's conclusion that Grounds Six, Nine, and Eleven are non-cognizable. (Doc. No. 15 at 1-3.) I find that the Magistrate's conclusion was correct, as these Grounds are based on alleged errors during PCRA proceedings and therefore non-cognizable. See Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998).

Petitioner next addresses the merits of Ground Six, in which he claimed that the PCRA court erred by failing to grant him an evidentiary hearing concerning his layered claims of ineffective assistance of trial and direct appellate counsel. (Doc. No. 15 at 3-4.) As stated above, however, alleged errors during PCRA proceedings are non-cognizable on federal habeas review. See Hassine, 160 F.3d at 954.

In his next three objections, Petitioner challenges the Magistrate's conclusion that a portion of Ground Seven and the entirety of Ground Eight are unexhausted and procedurally defaulted. (Doc. No. 15 at 5-10.)  These Grounds raised claims of ineffective assistance of trial counsel. Because the PCRA court found these claims to be waived, and Petitioner has not attempted to demonstrate cause and prejudice to excuse the default of these claims or to present new, reliable evidence of his innocence, the Magistrate's conclusion that these claims must be dismissed is correct. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Harris v. Reed, 489 U.S. 255, 262-63 (1989).

Next, Petitioner objects to the Magistrate's conclusion that Petitioner should not be granted habeas relief based on Ground Four, in which Petitioner claimed that the trial court erred in denying his motion for a mistrial based upon prosecutorial misconduct during closing argument.  (Doc. No. 15 at 10-11.)  Because Petitioner has not shown that the state court's decision involved an unreasonable application of clearly established federal law, however, I find that the Magistrate's conclusion was correct. See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

Petitioner also objects to the Magistrate's conclusion that Petitioner should not be granted habeas relief based on Ground Seven, in which Petitioner claimed that trial counsel was ineffective for failing to challenge the admissibility of a tape recording for lack of authentication.  (Doc. No. 15 at 11-12.)  I find that the Magistrate's conclusion was correct:  the state court's decision that Petitioner's ineffective assistance claim lacked merit was neither contrary to nor an unreasonable application of federal law. See Williams, 529 U.S. at 405-06.  Moreover, there is no basis to reverse the state court's conclusion that trial counsel rendered effective assistance in spite of failing to challenge the admission of the tape recording.  See Estelle, 502 U.S. at 67-68.

Finally, Petitioner objects to the Magistrate's conclusion that Petitioner should not be granted habeas relief based on Ground Ten, in which Petitioner claimed that direct appellate counsel rendered ineffective assistance by failing to raise claims of trial counsel's ineffective assistance. (Doc. No. 15 at 12-14.) The PCRA court's decision that direct appellate counsel was not ineffective, however, was neither contrary to nor an unreasonable application of federal law, and Petitioner cannot establish that he was prejudiced by any particular error counsel may have made.  In these circumstances, the Magistrate's conclusion was correct.  See  Williams, 529 U.S. at 405-06; Strickland v. Washington, 466 U.S. 668, 696 (1984).

Accordingly, I will overrule Petitioner's objections to the Report and Recommendation and dismiss his Petition.

AND NOW, this 25th day of May, 2007, it is ORDERED that:

(1)     Petitioner's "Motion to Moot Order Dated March 12, 2007 as being Premature. As Such Judgment Or Order Should be Granted, (With Objections)" (Doc. No. 14) is **DENIED**;

(2)     Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

(3)     The Report and Recommendation is **APPROVED** and **ADOPTED**;

(4)     The Petition for Writ of Habeas Corpus is **DISMISSED** and **DENIED** without an evidentiary hearing;

(5)     Petitioner has neither shown a denial of a constitutional right, nor established that reasonable jurists would disagree with this Court's procedural and substantive disposition of his claims.  Consequently, a certificate of appealability is **DENIED**; and

(6)      The Clerk's Office shall close this case for statistical purposes.


                                    IT IS SO ORDERED.

                                    */s Paul S. Diamond, J.*


                                    _____
                                    Paul S. Diamond, J.